OPINION
Appellant George Crose is appealing the decision of the Richland County Court of Common Pleas which found him to be a "sexual predator" as defined in R.C. 2950.01(E). The following facts give rise to this appeal.
In 1993, appellant was sentenced to two years on one count of gross sexual imposition. After the enactment of Ohio's version of Megan's Law, in R.C. Chapter 2950, the warden of the Ohio penal institution where appellant is incarcerated recommended that appellant be classified a "sexual predator". The trial court conducted the classification hearing on August 5, 1997. At this hearing, the trial court considered appellant's constitutional challenges to R.C. Chapter 2950. The trial court proceeded to overrule appellant's constitutional challenges to the statute and found appellant to be a "sexual predator".
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE IMPOSITION OF SEXUAL PREDATOR STATUS TO THE DEFENDANT-APPELLANT WAS IN VIOLATION OF ARTICLE I, SECTION 9 IN THE US CONSTITUTION AND ARTICLE I, SECTION 28 OF THE OHIO CONSTITUTION PROHIBITING APPLICATIONS OF LAWS EXPOST (SIC) FACTO.
 II. DEFENDANT-APPELLANT'S RIGHT NOT TO BE PLACED TWICE IN JEOPARDY WAS VIOLATED WHEN HE WAS PUNISHED FOR A SECOND TIME A YEAR LATER FOR HIS OFFENSE.
 I
Appellant contends, in his first assignment of error, the retroactive provisions of R.C. Chapter 2950 violate the Ex Post Facto Clause of the United States Constitution. We disagree.
We previously addressed this issue in the case of State v.McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00232, unreported. Based on the Ohio Supreme Court's decision in State v. Cook
(1998), 83 Ohio St.3d 404, we found R.C. Chapter 2950 is not unconstitutional on ex post facto grounds. In reaching this conclusion, we relied on paragraph two of the syllabus of the Cook
decision. This paragraph provides:
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10 of the United States Constitution.
Pursuant to the Ohio Supreme Court's decision in Cook and our recent decision in the McIntyre case, we overrule appellant's first assignment of error.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends R.C. Chapter 2950's retroactive provisions constitute cruel and unusual punishment. We disagree.
We also previously addressed this issue in the McIntyre case. In so doing, we referred to the Ohio Supreme Court's decision, inCook, which found the registration and notification procedures were not punitive in nature. Cook at 417. The Court explained:
 * * * R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one * * *. Id. at 423.
Clearly, the registration and notification provisions, not being punitive in nature, do not constitute punishment and therefore, do not violate the prohibition against cruel and unusual punishment. See McIntyre at 5-6.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J., Gwin, J., and Reader, V.J., concur.
______________________________
______________________________
 ______________________________ JUDGES
JWW/d 210
JUDGMENT ENTRY
CASE NO. 97 CA 81
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
______________________________
______________________________
 ______________________________ JUDGES